LEWIS, J.,
concurring in part and dissenting in part.
While I concur with a portion of the majority opinion, I write separately to dissent with regard to the emasculation of the protection which would have been afforded under rule 8.165 as proposed, which would have permitted a juvenile to waive counsel only after the child had a meaningful opportunity to confer with an attorney regarding his or her right to counsel. In my view, the procedural step would neither exceed the parameters of the public defender’s grant of authority, nor unduly overburden Florida’s public defenders with unworkable responsibilities. The majority now pays only “lip-service” to protecting children and the exclamations of concern ring hollow when actions are analyzed. In my view, the concerns voiced by the majority do not withstand scrutiny upon examination of the relevant statutory provisions and the enormous benefit to be gained from the amendment.
The proposed amendments to rule 8.165 rejected today were not only entirely proper, but also necessary to effectuate a meaningful constitutional right to counsel held by each of Florida’s minors. The majority proclaims the right but amputates the procedural rule. Moreover, I agree with Justice Anstead’s assessment of the vulnerability of children in the state’s juvenile justice system, and concomitant need to construe their constitutional right to counsel broadly to include consultation prior to waiving that right. I cannot, however, join Justice Anstead in his praise for the majority’s decision and failure to act on this important issue at this time.
The Rules Committee has clearly identified a troubling problem common in juvenile delinquency proceedings. We are told and the majority seems to agree that far too often, juveniles navigate the procedural waters of Florida’s juvenile judicial system alone, and all too often waive the assistance of counsel prior to entering pleas without first consulting with an attorney to ensure an appreciation of the gravity of the charges against them, the scope of potential consequences, the benefits of proceeding with the advice of counsel, and the potential for impact in the future. Indeed, the majority opinion even notes that the general presumption of a juvenile’s limited understanding of court proceedings has already generated informal arrangements between trial courts and public defenders whereby the public defenders as knowl *887 edgeable officers of the judicial system consult with juvenile defendants to ensure that each child’s waiver of counsel is knowing and voluntary. See Majority op. at 880-81.
Pursuant to the proposed amendments rejected by the Court today, a child involved in a delinquency proceeding who wishes to waive counsel would have done so “only after the child has had a meaningful opportunity to confer with counsel regarding the child’s right to counsel, the consequences of waiving counsel, and any other factors that would assist the child in making the decision to waive counsel.” Two-Year Cycle Report of the Juvenile Court Rules Committee at 21. Further, such child would have been required to submit a written waiver “in the presence of a parent, legal custodian, responsible adult relative, or attorney who has conferred with the child .... who shall verify ... that the child’s decision to waive counsel has been discussed with the child and appears to be knowing and voluntary.” Id. at 884-85.
Given that far too many children involved in delinquency proceedings appear before the court unaccompanied by a parent or legal guardian, and even far fewer with private counsel, the task of consulting with these children regarding the waiver of counsel apparently, in many instances, would have fallen by default to public defenders. This may have also occurred in circumstances in which the child’s parents actually had the means to obtain private counsel. Some have expressed concern that mandating such consultation may contravene the Florida statutory provision governing the parameters of authority of public defenders, which specifically prohibits a court from appointing “the public defender to represent, even on a temporary basis, any person who is not indigent.” § 27.51(2), Fla. Stat. (2004) (emphasis supplied). The lack of authority to engage in these consultations engenders another problem — an asserted lack of funding. For, if the consultations would exceed the public defender’s authority, the argument goes, they cannot and should not be funded from state resources.
However, a brief review of the laws governing juvenile proceedings and the assignment of public defenders reveals that public defenders have indeed had authority to consult with accused minors as contemplated by the proposed amended rule, and that a process is in place for assessing any costs and fees associated with the consultation against the child’s nonindigent parents or guardian. To begin, Chapter 985 of the Florida Statutes governs juvenile delinquency proceedings, and specifically provides:
(1) A child is entitled to representation by legal counsel at all stages of any proceedings under this part. If the child and the parents or other legal guardian are indigent and unable to employ counsel for the child, the court shall appoint counsel pursuant to s. 27.52.
§ 985.203(1), Fla. Stat. (2004) (emphasis supplied). Thus, Florida law currently contemplates that indigent children of indigent parents are required to receive the assistance of appointed counsel.
However, important for purposes of the instant analysis, Florida law also provides that indigent children of nonindigent parents are also entitled to appointed counsel to the extent the nonindigent parents fail to fulfill their statutory responsibility to provide for their child’s defense. Section 985.203(2) also provides:
If the parents or legal guardian of an indigent child are not indigent but refuse to employ counsel, the court shall appoint counsel pursuant to s. 27.52 to represent the child at the detention hearing and until counsel is provided. *888 Costs of representation are hereby imposed as provided by ss. 27.52 and 938.29....
§ 985.203(2), ■ Fla. Stat. (2004). Pursuant to section 27.52(6):
A nonindigent parent or legal guardian of an applicant who is a minor ... shall furnish the minor ... with the necessary legal services and costs incident to a delinquency proceeding.... The failure of a parent or legal guardian to furnish legal services and costs under this section does not bar the appointment of legal counsel pursuant to s. 27.^0 or s. 27.5S0S. When the public defender, a special assistant public defender appointed pursuant to s. 27.53(2), or a private attorney is appointed to represent a minor ... in any proceeding in circuit court or in a criminal proceeding in any other court, the parents or the legal guardian shall be liable for payment of the fees, charges, and costs of the representation even if the person is a minor being tried as an adult. Liability for the fees, charges, and costs of the representation shall be imposed in the form of a lien against the property of the nonindigent parents or legal guardian of the minor.... The lien shall be enforceable as provided in s. 27.561 or s. 938.29.
§ 27.52(6), Fla. Stat. (2004) (emphasis added).
As a close examination of the relevant statutory provisions reveals, Florida law provides the indigent child, even of nonin-digent parents who have not fulfilled their statutory responsibility of providing for their child’s defense, assistance of appointed counsel from the time of the detention hearing. The detention hearing is an appearance before a judge early in any proceeding, and marks an opportunity in juvenile proceedings for the accused minor to waive counsel.[9] Therefore, it is perfectly proper under the statutory scheme governing juvenile proceedings and the public defender’s office that a public defender consult with the minor regarding his or her right to counsel, as contemplated by the proposed amended rule. Costs for this consultation, as well as costs generated from continued representation of the child should the nonindigent parent continue to default on his or her responsibility, can be assessed against the defaulting parent in the form of a lien on his or her property pursuant to existing law. With this statutory basis in place, any assertion that the proposed amended rule exceeds the public defender’s authority, or imposes an unworkable mandate completely fails. Assertions that the judicial system can and should confront the problem of inappropriate waivers of counsel without implementing the procedural rule to accomplish this goal are hollow words without accompanying action. We face a serious problem recognized by the majority in its reference to the many disturbing cases involving waivers of counsel. The majority apparently urges and advocates an informal practice of consultation with counsel with regard to waivers but “side-steps” our responsibility to adopt a meaningful procedural rule. I have little confidence in a rule that as now adopted requires a written waiver but without a provision for consultation. It may well be a step forward, but in my view, it truly falls short of protecting Florida’s children.
ANSTEAD, J., concurs.
*889 APPENDIX
RULE 8.165. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court. The court shall advise the child of the child’s right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. This waiver shall be in writing if made at the time of a plea-of gullty-or no contest or at the adjudicatory hearing.
(b) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or the child’s announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.
(3) If the child is entering a plea to or being tried on an allegation of committing a delinquent act, the written waiver shall also be submitted to the court in the presence of a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child, who shall verify on the written waiver that the child’s decision to waive counsel has been discussed with the child and appears to be knowing and voluntary.
(34) No waiver shall be accepted wher-eif it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the ease, or other factors.
(45) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
RULE 8.203. APPLICATION OF UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT
Any pleading filed commencing proceedings as set forth in rule 8.201 shall be accompanied by an affidavit, to the extent of affiant’s personal knowledge, under the Uniform Child Custody Jurisdiction and Enforcement Act. Each party has a continuing duty to inform the court of any custody proceeding in this or any other state of which information is obtained during the proceeding.
RULE 8.240. COMPUTATION, CONTINUANCE, EXTENSION, AND ENLARGEMENT OF TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, except rules 8.300 and 8.305, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is a_Saturday, aJSunday, or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, aJSunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation.
(b) Enlargement of Time. When by these rules, ©r-by a notice given there under them, or by order of court an act is *890 required or allowed to be done at or within a specified time, the court for good cause shown, and within the limits established by law, and subject to the provisions of subdivision (d) of this rule, may, at any time, in its discretion (1) with or without notice, order the period enlarged if a request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where-when the failure to act was the result of excusable neglecty. but-it The court may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for new trial, a motion-for rehearing, or vacation of judgment, or for taking an appeal. This rule shall not be construed to apply to shelter hearings.
(c) Time for Service.
(1) Motions and Notice of Hearing. A copy of any written motion which-that may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(2) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper is served by mail, 5 days shall be added to the prescribed period.
(d) Continuances and Extensions of Time.
(1) A motion for continuance, extension, or waiver of the time standards provided by law and found in this rule shall be in writing and signed by the requesting party. On a showing of good cause, the court shall allow a motion for continuance or extension to be made ore tenus at any time during the proceedings.
(2) A motion for continuance, extension, or waiver of the time standards provided by law shall not be made in advance of the particular circumstance or need that would warrant delay of the proceedings.
(3) A motion for continuance, extension, or waiver of the time standards provided by law shall state all of the facts that the movant contends entitle the movant to a continuance, extension, or waiver of time including:
(A) the task that must be completed by the movant to preserve the rights of a party or the best interests of the child who is the subject of the proceedings;
(B) the minimum number of days absolutely necessary to complete this task; and
(C) the total number of days the proceedings have been continued at the request of any party within any 12-month period.
(4) Proceedings may not be continued or extended for more than a total of 60 days for all parties within any 12-month period. A continuance or extension of time standards beyond 60 days in any 12-month period may be granted only on a finding by the court of extraordinary circumstances and that the continuance or extension of time standards is necessary to preserve the constitutional rights of a party or that there is substantial evidence demonstrating that the child’s best interests will be affirmatively harmed without the granting of a continuance or extension of time.
RULE 8.245. DISCOVERY
(a) Scope of Discovery. Unless otherwise limited by the court in accordance with these rules, the scope of discovery is as follows:
*891 (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the hearing if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
(2) Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and describe the nature of the document, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will allow other parties to assess the applicability of the privilege or protection.
(b) Required Disclosure.
(1) At any time after the filing of a shelter petition, era petition alleging a child to be a dependent child, or a petition for termination of parental rights, on written demand of any party, the party to whom the demand is directed shall disclose and permit inspecting, copying, testing, or photographing matters material to the cause. If the child had no living parent with intact parental rights at the time the dependency allegations arose, then the person who was serving as the legal custodian of the child at that time is entitled to obtain discovery during the -pendency of a shelter or dependency petition.
(2) The following information shall be disclosed by any party upon demand:
(A) The names and addresses of all persons known to have information relevant to the proof or defense of the petition’s allegations.
(B) The statement of any person furnished in compliance with the preceding paragraph. The term “statement” as used herein-means a written statement made by saidthis person and signed or otherwise adopted or approved by the person, or a stenographic, mechanical, electr-icalelec-tronic, or other recording, or a transcript thereofof it, or whiehthat is a substantially verbatim recital of an oral statement made by saidthis person to an officer or agent of the state and recorded contemporaneously with the making of saehthe oral statement. The court may prohibit any party from introducing in evidence the material not disclosed, so — as—to secure and maintain fairness in the just determination of the cause.
(C) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction. If the number of oral statements made to any person are so numerous that, as a practical matter, it would be impossible to list the substance of all the oral statements, then the party to whom the demand is directed will disclose that person’s identity and the fact that this person has knowledge of numerous statements. This disclosure will allow the demanding party to depose that person.
(D) Tangible papers or objects belonging to the demanding party whiehthat are to be used at the adjudicatory hearing.
(E) Reports or statements of experts, including results of physical or mental ex- *892 animations and of scientific tests, experiments, or comparisons.
(3) The disclosures required by subdivision (a) of this rule shall be made within 10 days from the receipt of the demand therefoi-for them. Disclosure may be made by allowing the requesting party to review the files of the party from whom discovery is requested after redaction of nondiscoverable information.
(c) Limitations on Disclosure.
(1) UpoOn application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from suehthe disclosure, whichthat. outweighs any usefulness of the disclosure to the party requesting it.
(2) Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the parties’ attorneys or members of their legal staff.
(d) Production of Documents and Things for Inspection and Other Purposes.
(1) Request; Scope. Any party may request any other party
(A) to produce and permit the party making the request, or someone acting on the requesting party’s behalf, to inspect and copy any designated documents, including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of subdivision (a) and that are in the possession, custody, or control of the party to whom the request is directed; and
(B) to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of subdivision (a) and that are in the possession, custody, or control of the party to whom the request is directed.
(2) Procedure. Without leave of court the request may be served on the petitioner after commencement of proceedings and on any other party with or after service of the summons and initial petition on that party. The request shall set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed shall serve a written response within 15 days after service of the request, except that a respondent may serve a response within 30 days after service of the process and initial pleading on that respondent. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If an objection is made to part of an item or category, the part shall be specified. When producing documents, the producing party shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request. The party submitting the request may move for an order under subdivision (k) concerning any objection, failure to respond to the request, or any part of it, or failure to permit inspection as requested.
*893 (3) Persons Not Parties. This rule does not preclude an independent action against a person not a party for production of documents and things.
(4) Filing of Documents. Unless required by the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed when they should be considered by the court in determining a matter pending before the court.
(e) Production of Documents and Things Without Deposition.
(1) Request; Scope. A party may seek inspection and copying of any documents or things within the scope of subdivision (d)(1) from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things.
(2) Procedure. A party desiring production under this rule shall serve notice on every other party of the intent to serve a subpoena under this rule at least 5 days before the subpoena is issued if service is by delivery and 10 days before the subpoena is issued if service is by mail. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; shall include a designation of the items to be produced; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person on whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things shall not be produced under this rule and relief may be obtained under subdivision (g).
(3) Subpoena. If no objection is made by a party under subdivision (e)(2), an attorney of record in the action may issue a subpoena or the party desiring production shall deliver to the clerk for issuance a subpoena together-withand a certificate of counsel or pro se party that no timely objection has been received from any par-tyy. and tThe clerk shall issue the subpoena and deliver it to the party desiring production. The subpoena shall be identical to the copy attached to the notice,-snd shall specify that no testimony may be taken, and shall require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person upon whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena shall require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. If the person upon whom the subpoena is served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule, and relief may be obtained under subdivision (g).
(4) Copies Furnished. If the subpoena is complied with by delivery or mailing of copies as provided in subdivision (e)(3), the party receiving the copies shall furnish *894 a legible copy of each item furnished to any other party who requests it upon the payment of the reasonable cost of preparing the copies.
(5) Independent Action. This rule does not affect the right of any party to bring an independent action for production of documents and things.
(f) Protective Orders. On motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in -which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following:
(1) that the discovery not be had;
(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;
(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition after being sealed be opened only by order of the court;
(7) that confidential research or information not be disclosed or be disclosed only in a designated way; and
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery.
(g) Depositions.
(1) Time and Place.
(A) At any time after the filing of the petition alleging a child to be dependent or a petition for termination of parental rights, any party may take the deposition upon oral examination of any person who may have information relevant to the allegations of the petition.
(B) The deposition shall be taken in a building wherein which the adjudicatory hearing may be held, in suehanother place as-agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county whereinin which he or she resides, is employed, or regularly transacts business in person.
(2) Procedure.
(A) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(B) Upon application' the-court ■ -or-its clerk-shall issue-subpoenas for the persons whose-depositions are to be takenSubpoe-nas for taking depositions shall be issued by the clerk of the court, the court, or any attorney of record for a party.
(C) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the place of taking.
(D) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination and obtaining protective orders, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Use of Deposition. Any deposition taken pursuant heretounder this rule may *895 be used at any hearing covered by these rules by any party for the following purposes:
(A) For the purpose of impeaching the testimony of the deponent as a witness.
(B) For testimonial evidence, when the deponent, whether or not a party, is unavailable to testify because of one or more of the following reasons:
(i) He or she is dead.
(ii) He or she is at a greater distance than 100 miles from the place of hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition.
(iii) The party offering the deposition has been unable to procure the attendance of the witness by subpoena.
(iv) He or she is unable to attend or testify because of age, illness, infirmity, or imprisonment.
(v) It has been shown on application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(vi) The witness is an expert or skilled witness.
(4) Use of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Refusal to Obey Subpoena. A person who refuses to obey a subpoena served upon the person for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Limitations on Use. Except as provided in subdivision (3), no deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall-appears to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(h) Perpetuating Testimony Before Action or Pending Appeal.
(1) Before Action.
(A) Petition. A person who desires to perpetuate the person’s own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show:
(i) that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought;
(ii) the subject matter of the expected action and the person’s interest therei-nin it;
(iii) the facts whichthat the person desires to establish by the proposed testimony and the reasons for desiring to perpetuate it;
(iv) the names or a description of the persons expected to be adverse parties and their names and addresses so far as known; and
(v) the names and addresses of the persons to be examined and the substance of the testimony expected to be elicited from each and asking for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
*896 (B) Notice and Service. The petitioner shall thereafter serve a notice on each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner mil apply to the court at a time and place thereinin the notice for an order described in the petition. At least 20 days before the date of the hearing, the notice shall be served either within or without the county in the manner provided by law for serving of summons. batHowever, if such service cannot with due diligence be made on any expected adverse party named in the petition, the court may make-an-order for-service by publication or otherwise and shall appoint an attorney for persons not served in the manner provided by law for service of summons. wh&The attorney shall represent themthe adverse party and, if they-arehe or she is not otherwise represented, shall cross-examine the deponent.
(C) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken on oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions for perpetuating testimony, each reference thereinin them to the court in which the action is pending shall be deemed to refer to the court in which the petition for saehthe deposition was filed.
(D) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules, it may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with the provisions of subdivision (g)(3).
(2) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time there for it has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the-event-of further proceedings in the court. In such case, the party who desires to perpetuate the testimony may make a motionmove for leave to take the deposition upon the same notice and service as if the action were pending in the court. The motion shall show the names and addresses of persons to be examined, and-the substance of the testimony expected to be elicited from each, and the reasons for perpetuating the testimony. If the court finds that the perpetuation is proper to avoid a failure or delay in justice, it may make orders of-the-eharaeteras provided for by this rule and thereupon the deposition may then be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.
(3) Perpetuation Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.
(i) Rules Governing Depositions of Children Under 16.
(1) The taking of a deposition of a child witness or victim under the age of 16 may be limited or precluded by the court for good cause shown.
(2) The court, after proper notice to all parties and an evidentiary hearing, based on good cause shown, may set conditions for the deposition of a child under the age of 16 including:
*897 (A) designating the place of the deposition;
(B) designating the length of time of the deposition;
(C) permitting or prohibiting the attendance of any person at the deposition;
(D) requiring the submission of questions before the examination;
(E) choosing a skilled interviewer to pose the questions;
(F) limiting the number or scope of the questions to be asked; or
(G) imposing any other conditions the court feels are necessary for the protection of the child.
(3) Good cause is shown based on, but not limited to, one or more of the following considerations:
(A) The age of the child.
(B) The nature of the allegations.
(C) The relationship between the child victim and the alleged abuser.
(D) The child has undergone previous interviews for the purposes of criminal or civil proceedings that were recorded either by videotape or some other manner of recording and the requesting party has access to the recording.
(E) The examination would adversely affect the child.
(F) The manifest best interests of the child require the limitations or restrictions.
(4) The court, in its discretion, may order the consolidation of the taking of depositions of a child under the age of 16 when the child is the victim or witness in a pending proceeding arising from similar facts or circumstances.
(j) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material whichthat the party would have been under a duty to disclose or produce at the time of saehthe previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(k) Sanctions.
(1) If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant-founder an applicable discovery rule, the court may:
(A) order saehthe party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) order a new hearing;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter saefaan order asthat it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant theretounder it may subject counsel to appropriate sanction by the court.
Committee Notes
1991 Amendment, (a)(1) Termination of parental rights proceedings have been added to discovery procedures.
RULE 8.255. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The department must be represented by an attorney at every stage of these proceedings.
(b) Presence of Child. The child has a right to be present at the hearing unless the court finds that the child’s mental or physical condition or age is such that a *898 court appearance is not in the best interest of the child. Any party may file a motion to require or excuse the presence of the child.
(c) Separate Examinations. The child and the parents, caregivers, or legal custodians of the child may be examined separately and apart from each other.
(d) Examination of Child; Special Protections.
(1) Testimony by Child. A child may be called to testify in open court by any party to the proceeding or the court, and may be examined or cross-examined.
(2) In-Camera Examination.
(A) UpoOn motion and hearing, the child may be examined by the court outside the presence of other parties as provided by law. The court shall assure that proceedings are recorded, unless otherwise stipulated by the parties.
(B) The motion may be filed by any party or the trial court on its own motion.
(C) The court shall make specific written findings of fact, on the record, as to the basis for its ruling. These findings may include but are not limited to:
(i) the age of the child;
(ii) the nature of the allegation;
(iii) the relationship between the child and the alleged abuser;
(iv) the likelihood that the child would suffer emotional or mental harm if required to testify in open court;
(v) whether the child’s testimony is more likely to be truthful if given outside the presence of other parties;
(vi) whether cross-examination would adversely affect the child; and
(vii) the manifest best interest of the child.
(D)The child may be called to testify by means of closed-circuit television or by videotaping as provided by law.
(e) Invoking the Rule. Before the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(f) Continuances. As permitted by law, the court may grant a continuance before or during a hearing for good cause shown by any party.
(g) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court-approved stenographer, or a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
(h) Notice. When these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(i) Masters. Pursuant-to-Florida Rule of Civil Procedure — 1.490, including the — requirement of consent of-all parties, both general-and special masters may be appointed to hear-issues involved in proceedings-under this part, except as otherwise prohibited by laws
Committee Notes
1991 Amendment, (b) This change allows a child to be present instead of mandating the child’s presence when the child’s presence would not be in his or her best interest. The court is given the discretion to determine the need for the child to be present.
1992 Amendment. This change was made to reflect a moderated standard for in-camera examination of a child less rigid than the criminal law standard adopted by the committee in the 1991 rule revisions.
*899 2005 Amendment. Subdivision (i) was deleted because provisions for general masters were transferred to rule 8.257. RULE 8.257. GENERAL MAGISTRATES
(a) Appointment. Judges of the circuit court may appoint as many general magistrates from among the members of The Florida Bar in the circuit as the .judges find necessary, and the general magistrates shall continue in office until removed by the court. The order of appointment shall be recorded. Every person appointed as a general magistrate shall take the oath required of officers by the Constitution and the oath shall be recorded before the magistrate discharges any duties of that office.
(b) Referral.
(1) Consent. No matter shall be heard by a general magistrate without an appropriate order of referral and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or implied in accordance with the requirements of this rule.
(2) Objection. A written objection to the referral to a general magistrate must be filed within 10 days of the service of the order of referral. If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing. Failure to file a written objection within the applicable time period is deemed to be consent to the order of referral.
(3) Order.
(A) The order of referral shall contain the following language in bold type:
A REFERRAL TO A GENERAL MAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE GENERAL MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN FLORIDA RULE OF JUVENILE PROCEDURE 8.257(f). A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, WILL BE REQUIRED TO SUPPORT THE EXCEPTIONS.
(B) The order of referral shall state with specificity the matter or matters being referred. The order of referral shall also state whether electronic recording or a court reporter is provided by the court.
(4)Setting Hearing. When a referral is made to a general magistrate, any party or the general magistrate may set the action for hearing.
(c)General Powers and Duties. Every general magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court. A general magistrate shall be empowered *900 to administer oaths and conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge shall apply to general magistrates.
(d)Hearings.
(1) The general magistrate shall assign a time and place for proceedings as soon as reasonably possible after the referral is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice of the adjournment to the absent party. The general magistrate shall proceed with reasonable diligence in every referral and with the least delay practicable. Any party may apply to the court for an order to the general magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay.
(2) The general magistrate shall take testimony and establish a record which may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(g)(3) or by a court reporter. The parties may not waive this requirement.
(3) The general magistrate shall have authority to examine under oath the parties and all witnesses on all matters contained in the referral, to require production of all books, papers, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general magistrate shall have the same powers as a circuit judge to use communications equipment as defined and regulated by Florida Rule of Judicial Administration 2.071.
(4)The notice or order setting a matter for hearing shall state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice shall also state that any party may provide a court reporter at that party’s expense, subject to the court’s approval.
(e) Report.
(1) The general magistrate shall file a report that includes findings of fact, conclusions of law, and recommendations and serve copies on all parties. If a court reporter was present, the report shall contain the name and address of the reporter.
(2) The report and recommendations shall contain the following language in bold type:
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS WITHIN 10 DAYS OF SERVICE OF THE REPORT AND RECOMMENDATIONS IN ACCORDANCE WITH FLORIDA RULE OF JUVENILE PROCEDURE 8.257(f). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS WITHIN 10 DAYS OF SERVICE OF THE REPORT AND RECOMMENDATIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT’S REVIEW.
(f) Exceptions. The parties may serve exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 *901 days from the service of the exceptions. However, the filing of cross-exceptions shall not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party or the court.
(g) Record. For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review. The record shall consist of the court file, including the transcript of the relevant proceedings before the general magistrate, and all depositions and evidence presented to the general magistrate.
(1) The transcript of all relevant proceedings, if any, shall be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions.
(2) If less than a full transcript of the proceedings taken before the general magistrate is ordered prepared by the excepting party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding party shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.
(3) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review. Should any portion of the transcript - be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.
RULE 8.290. DEPENDENCY MEDIATION
(a) Definitions. The following definitions apply to this rule:
(1) “Dependency matters” means proceedings arising under Chapter 39, Florida Statutes.
(2) “Dependency mediation” means mediation of dependency matters.
(3) “Mediation” means a process whereby a neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties. It is an informal and nonad-versarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement. In mediation, decision-making authority rests with the parties. The role of the mediator includes, but is not limited to, assisting the parties in identifying issues, fostering joint problem-solving, and exploring settlement alternatives.
(b) Applicability. This rule applies only to mediation of dependency matters.
(c) Compliance with Statutory Time Requirements. Dependency mediation shall be conducted in compliance with the statutory time requirements for dependency matters-unless-waived by all parties and approved by the court.
(d) Referral. Except as provided by this rule, all matters and issues described in ferred to mediation. All referrals to mediation shall be in written form, shall advise the parties of their right to counsel, and shall set a date for hearing before the court to review the progress of the mediation. The mediator or mediation program shall be appointed by the court or stipulated to by the parties. In the eventlf the court refers the matter to mediation, the mediation order shall address all applicable provisions of this rule. The mediation *902 order shall be served on all parties and on counsel pursuant tounder the provisions of the Florida Rules of Juvenile Procedure.
(e) Appointment of the Mediator.
(1) Court Appointment. The court, in the order of referral to mediation, shall appoint a certified dependency mediator selected by rotation or by such other procedures as may be adopted by administrative order of the chief judge in the circuit in which the action is pending.
(2) Party Stipulation. Within 10 days of the filing of the order of referral to mediation, the parties may agree upon a stipulation with the court designating:
(A) another certified dependency mediator to replace the one selected by the judge; or
(B) a mediator who does not meet the certification requirements of these rules but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.
(f) Fees. Dependency mediation referrals may be made to a mediator or mediation program whichthat charges a fee. Any order of referral to a mediator or mediation program charging a fee shall advise the parties that they may timely object to mediation on grounds of financial hardship. UpoOn the objection of a party or the court’s own motion, the court may, after considering the objecting party’s ability to pay and any other pertinent information, reduce or eliminate the fee.
(g) Objection to Mediation. Within 10 days of the filing of the order of referral to mediation, any party or participant ordered to mediation may make a written objection to the court about the order of referral if good cause for such objection exists. If a party objects, mediation shall not be conducted until the court rules on the objection.
(h) Scheduling. The mediation conference may be held at any stage of the proceedings. Unless otherwise scheduled by the court, the mediator or the mediation program shall schedule the mediation conference.
(i) Disqualification of the Mediator. Any party may move to enter an order disqualifying a mediator for good cause. If the court rules that a mediator is disqualified from mediating a case, an order shall be entered setting forthwith the name of a qualified replacement. Nothing in this provision shall preclude mediators from disqualifying themselves or refusing any assignment.
(j) Substitute Mediator. If a mediator agreed upon by the parties or appointed by a court cannot serve, a substitute mediator can be agreed upon or appointed in the same manner as the original mediator. A mediator shall not mediate a case assigned to another mediator without the agreement of the parties or approval of the court. A substitute mediator shall have the same qualifications as the original mediator.
(k) Discovery. Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.
(l) Appearances.
(1) Order Naming or Prohibiting Attendance of Parties. The court shall enter an order naming the parties and the participants who must appear at the mediation and any parties or participants who are prohibited from attending the mediation. Additional participants may be included by court order or by mutual agreement of all parties.
(2) Physical Presence of Adult Parties and Participants. Unless otherwise agreed to by the parties or ordered by the *903 court, any party or participant ordered to mediation shall be physically present at the mediation conference. Persons representing an agency, department, or program must have full authority to enter into an agreement whichthat shall be binding on that agency, department, or program. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of any party or participant ordered to mediation.
(3) Appearance of Counsel. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of counsel unless otherwise ordered by the court.
(4) Appearance of Child. The court may prohibit the child from appearing at mediation upon determining that such appearance is not in the best interest of the child. No minor child shall be required to appear at mediation unless the court has previously determined by written order that it is in the child’s best interest to be physically present. The court shall specify in the written order of referral to mediation any special protections necessary for the child’s appearance.
(5) Sanctions for Failure to Appear. If a party or participant ordered to mediation fails to appear at a duly-noticed mediation conference without good cause, the court, upon motion of any party or on its own motion, may impose sanctions. Sanctions against the party or participant failing to appear may include one or more of the following: contempt of court, an award of mediator fees, an award of attorney fees, an award of costs, or other remedies as deemed appropriate by the court.
(m) Caucus with Parties and Participants. During the mediation session, the mediator may meet and consult privately with any party, participant, or counsel.
(n) Continuances. The mediator may end the mediation session at any time and may set new times for reconvening the mediation. No further notification shall be required for parties or participants present at the mediation session.
(o) Report on Mediation.
(1) If agreement is reached as-toon all or part of any matter or issue, including legal or factual issues to be determined by the court, suehthe agreement shall be immediately reduced to writing, signed by the attending parties, and promptly submitted to the court by the mediator with copies to all parties and counsel.
(2) If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation.
(p) Court Hearing and Order UpoOn Mediated Agreement. UpoOn receipt of a full or partial mediation agreement, the court shall hold a hearing and enter an order accepting or rejecting the agreement consistent with the best interest of the child. The court may modify the terms of the agreement with the consent of all parties to the agreement.
(q) Imposition of Sanctions UpoOn Breach of Agreement. In the event of any breach or failure to perform under the court-approved agreement, the court, upon a motion of any party or upon its own motion, may impose sanctions. The sanctions may include contempt of court, vacating the agreement, imposition of costs and attorney fees, or any other remedy as deemed appropriate by the court.
Committee Notes
1997 Adoption. In considering the provision regarding the appearance of the child found in subsection (i)(4), the Supreme Court Mediation and Arbitration *904 Rules Committee considered issues concerning the child’s right to participate and be heard in mediation and the need to protect the child from participating in proceedings when such participation would not be in the best interest of the child. The Committee has addressed only the issue of mandating participation of the child in mediation. In circumstances where the court has not mandated that the child appear in mediation, the Committee believes that, in the absence of an order prohibiting the child from mediation, the participation of the child in mediation will be determined by the parties.
Whenever the court, pursuant to subdivision (p) determines whether to accept, reject, or modify the mediation agreement, the Committee believes that the court shall act in accordance with the confidentiality requirements of chapter 44, Florida Statutes.
RULE 8.300. TAKING INTO CUSTODY
(a) Affidavit. An affidavit or verified petition may be filed by any person alleging facts under existing law sufficient to establish grounds to take a child into custody. The affidavit or verified petition shall:
(1) be in writing and signed;
(2) specify the name, address, date of birth, and sex of the child, or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court; and
(4) state the reasons why the child should be taken into custody.
(b) Criteria for Order. The court may issue an order to take a child into custody based on sworn testimony meeting the criteria-set-forth in subdivision (a).
(c) Order. The order to take into custody shall:
(1) be in writing and signed;
(2) specify the name, address, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court;
(4) state the reasons — why the child should be taken into custody;
(5) order that the child be detafeedheld in a suitable place pending a shelter hearing as provided by-Iawtransfer of physical custody to an authorized agent of the department; and
(6)state the date when issued, and the county and court where issued.
RULE 8.305. SHELTER PETITION, HEARING, AND ORDER
(a) Shelter Petition. If a child has been or is to be removed from the home and maintained in an out-of-home placement for a period — longer-more than 24 hours, the person requesting placement shall file a written petition whichthat shall:
(1) specify the name, address, date of birth, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(2) specify the name and address, if known, of the child’s parents or legal custodian and how each was notified of the shelter hearing;
(3) if the child has been removed from the home, state the date and time of the removal;
(4) specify that the child is of an age subject to the jurisdiction of the court;
(5) state the reasons — why the child needs to be placed in a shelter;
*905 (6) list the reasonable efforts, if any, that were made by the department to prevent or eliminate the need for the removal or continued removal of the child from the home or, if no such efforts were made, a description of the emergency-which existed that prevented these efforts;
(7) recommend where the child is to be placed or the agency to be responsible for placement; and
(8) be signed by the petitioner and, if represented by counsel, by the petitioner’s attorney.
(b) Shelter Hearing.
(1) The parents or legal custodians of the child shall be given actual notice of the date, time, and location of the shelter hearing. If the parents are outside the jurisdiction of the court, are not known, cannot be located, or refuse or evade service, they shall be given such notice as best ensures their actual knowledge of the date, time, and location of the shelter hearing. If the parents or legal custodians are not present at the hearing, the person providing, or attempting to provide, notice to the parents or legal custodians shall advise the court in person or by sworn affidavit of the attempts made to provide notice and the results of those attempts.
(2) The court shall conduct an informal hearing on the petition within the time limits-as provided by law. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met. The shelter hearing may be continued for up to 72 hours with the child remaining in shelter care if either:
(A)the parents or legal custodians appear for the shelter hearing without legal counsel and request a continuance-in order to consult with legal counsel; or
(B)the court determines that additional time is necessary to obtain and review documents pertaining to the family-in order to appropriately determine the risk to the child.
(3) The issue of probable cause shall be determined in a nonadversarynonadversar-ial manner, applying the standard of proof necessary for an arrest warrant.
(4) At the hearing, all interested persons present shall have an opportunity to be heard and present evidence on the criteria for placement-as provided by law.
(5) The court may base its determination on asworn complaint, testimony, or an affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(6) The court shall advise the parent or legal custodian of:
(A) the right to be represented by counsel as provided by law;
(B) the reason-fer the child beingis in custody and why continued placement is requested;
(C) the right to present placement alternatives; and
(D) the time, date, and location of the next hearing and of the importance of the parents’ or legal custodians’ active participation in subsequent proceedings and hearings.
(7) The court shall appoint:
(A) a guardian ad litem to represent the child unless the court finds-sueh representation is-unnecessary;
(B) an attorney ad litem to represent the child if the court finds the appointment necessary and authorized by law; and
(C) an attorney for indigent parents unless waived by the parent.
*906 (8) The court shall determine visitation rights absent a clear and convincing showing that visitation is not in the best interest of the child.
(9) If the shelter hearing is conducted by a judge other than the juvenile courta judge assigned to hear dependency cases, the juvenile courta judge assigned to hear dependency cases shall hold a shelter review on the status of the child within 2 working days after the shelter hearing.
(c) Shelter Order. The An order granting shelter care must identify the parties present at the hearing and contain written findings that:
(1) placement in shelter care is necessary based on the criteria provided by law;
(2) placement in shelter care is in the best interest of the children);
(3) continuation of the child(ren) in the home is contrary to the welfare of the children) because the home situation presents a substantial and immediate danger to the child<hen)’s physical, mental, or emotional health or safety that cannot be mitigated by the provision of preventive services;
(4) there is probable cause to believe the children) is/are dependent;
(5) the department has made reasonable efforts to prevent or eliminate the need for removal of the child(ren) from the home;
(6) the court notified the parents or legal custodians of the time, date, and location of the next dependency hearing, and of the importance of their active participation in all subsequent proceedings and hearings; and
(7) the court notified the parents or legal custodians of their right to counsel as provided by law.
(d) Release from Shelter Care. No child shall be released from shelter care after a shelter order has been entered except on order of the court unless the shelter order authorized release by the department.
RULE 8.315. ARRAIGNMENTS AND PREHEARING CONFERENCES
(a) Arraignment. Prior toBefore the adjudicatory hearing, the court shall conduct a hearing to determine whether an admission, consent, or denial to the petition shall be entered, and whether the parties are represented by counsel or are entitled to appointed counsel as provided by law. If an admission or consent is entered and no denial is entered by any other parent or legal custodian, the court shall schedule a disposition hearing to be conducted within 15 days. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law — or grant-a-continuance as provided by-law and appoint counsel when required.
(b) Withdrawal of Plea. The court may for good cause, at any time prior tobefore the beginning of a disposition hearing, permit an admission of the allegations of the petition or a consent to dependency to be withdrawn and, if an adjudication has been entered thereon, set aside saefathe adjudication. In a subsequent adjudicatory hearing the court shall disregard an admission or consent that has been withdrawn.
(c) Prehearing Conference. Prior toBefore any adjudicatory hearing, the court may set or the parties may request that a prehearing conference be held to determine the order in which each party may present witnesses or evidence and the order in which cross-examination and argument shall occur. The court may also enter findings on the record of any stipulations entered into by the parties and consider any other matters whichthat may aid in the conduct of the adjudicatory hearing.
*907 (d) Status Hearing. Within 60 days of the filing of the petition, a status hearing shall be held with all parties present unless an adjudicatory or disposition hearing has commencedbegun. Subsequent status hearings shall be held every 30 days thereafter-unless an adjudicatory or disposition hearing has commencedbegun.
Committee Notes
1991 Amendment, (d) This section requires a status hearing every 30 days to ensure prompt resolution of the case while preserving the rights of all parties.
RULE 8.325. ANSWERS AND PLEADINGS
(a) No Answer Required. No written answer to the petition need be filed by the parent or legal custodian. The parent^ or legal custodian of the child may enter an oral or written answer to the petition or remain silent.
(b) Denial of Allegations. If the par-entj or legal custodian denies the allegations of the petition-er, remains silent, or pleads evasively, the court shall enter a denial of dependency and shall set the case for an adjudicatory hearing.
(c) Admission of or Consent to Dependency. The parent or legal custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of suehthe admission or consent, and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.
(d)- Stipulations.
(1) Any party-may submit se-written stipulation before the adjudic-atory^-hear-ieg,
(2) The stipulation may include findings-of -fact which will be deemed -admitted at-any subsequent hearing.
(3) The stipulation shall be signed by all parties-and shall-include:
(A) a statement of the placement of the child and conditions of placement-;-
(-B) the supervising agent;
4G)--the responsibilities -of-the- par-
(D) the period of time that-the stipulation shall remain in effect;
(E) the agreement of all — parties; and
(-F) the period of time within-which the court-shall review compliance.
(4) Violations of the conditions of the stipulation shall be presented to the court by- a motion alleging-.a violation by any party during the pendency of the-stipula-tiom — If the court, after a hearing, finds a violation has occurred, it may take such action- as is appropriate to enforce.the stipulation-, modify-the stipulation by supplemental-agreement;-or set the-case for hearing-on- the original--petition.
(5)-After the-time period specified in the stipulation has.expired, unless otherwise dismissed, the-petition may- be dismissed on motion of any party participating in the- stipulation-after notice, - hearing, and a finding ■ of — substantial compliance with the provisions-and-intent of the-stipulation.
Committee Notes
t992-AmendmenL — This rule combines the previous provisions for plans and-stipulations into one procedure entitled “stipulations;-”
*908 RULE 8.400. CASE PLANS
(a)Department Responsibility. At least 72 hours prior tobefore the disposition hearing, but no later than 60 days after removal of a child from the home, the department or its agent must file with the court all case plans prepared before jurisdiction of the court attached and do one of the following:
(1) File with the court a current case plan whichthat was prepared in conference with the parents, any court appointed guardian ad litem, the attorney ad litem, and, if appropriate, the child, and signed by the parties involved.
(2) File with the court a case plan prepared without the participation of the parents, if the parents are unable or unwilling to participate in the preparation of a case plan. The plan or supporting documents shall contain a full explanation of the circumstances preventing the parents from participating and the efforts made by the department to secure parental participation.
(S) Submit a motion requesting an extension of the time for filing the case plan for a period of not more than 30 daysf. feHowever, this shall not preclude a party or any other agency or person participating in the preparation of the case plan from filing the motion.
(A) A copy of the motion and notice of hearing shall be served on the parties and participants involved in the preparation of the case plan.
(B) The court shall hear all parties present, in person, by counsel, or both. The department at all times, however, shall be represented by an attorney. Only one 30-day extension may be granted upon a showing of good cause. In the order granting the continuance, the court shall set a hearing for review and acceptance of the case plan.
(b) Amendments.
(1) The case plan may be amended by:
(4A) the parties at any time provided agreement is unanimous by all parties, and the amendment is approved by the court;
(2B) the court upon motion of a party after notice to all other parties; or
(3C) the court.
(2) If any party objects to the amendment of the case plan, the court must conduct a hearing allowing each party to present evidence and information as permitted in rule 8.340(a).
(3) Any amendment granted by the court must be based on competent evidence.
(c) Service. Each party must be provided with a copy of the case plan at least 72 hours before the disposition hearing. If the location of a parent is unknown, this fact must be documented in writing and included in the plan.
RULE 8.410. APPROVAL OF CASE PLANS
(a) Hearing. The court shall review the contents of the case plan at the disposition hearing unless a continuance for the filing of the case plan has been granted by the court.
(b) Determinations by Court. At the hearing, the court shall determine if:
(1) The plan is consistent with the previous orders of the court placing the child in care.
(2) The plan is consistent with the requirements for the content of a case plan as provided by law.
(3) The parents were advised of their right to have counsel present at all prior hearings and the parents were advised of their right to participate in the preparation of the case plan and to have counsel or any *909 other person assist in the preparation of the case plan.
(4) The case plan is meaningful and designed to address the facts, circumstances, and problems up on which the court based its order of dependency for the child; -particularly, if the parents, caregivers, or legal custodians. In case plans with a goal of reunification, the court shall also determine whether the parents have the ability to perform the tasks assigned to them and that the social service agency can provide the assistance necessary to the parents to reunite the family.
(5) The plan adequately addresses the goals and needs of the child.
(c) Amendment of Plan. During the hearing, if the court determines that the case plan does not meet statutory requirements and include previous court orders, it shall order the parties to make amendments to the plan. The amended plan must be submitted to the court within 30 days for another hearing and approval. If the parties do not agree on the final terms, the court shall order those conditions and tasks it believes fee-parents must-accomplish for the return ofmust be accomplished to obtain permanency for the child. In addition, the court may order the department to provide those services necessary to assist in achieving the goal of the case plan.
(d) Entry of Findings. The court shall enter its findings with respect to the review of the case plan in writing and make specific findings on each element required by law to be included in a case plan.
(e) Review Hearing. The court will set a hearing to review the performance of the parties to the case plan no later than 90 days after the disposition hearing or the hearing mat which the case plan was approved, or — 6 months from the date on which the child was removed from the home, or 6 months from the date of the last judicial review, whichever comes first. Committee Notes
1991 Adoption, — This rule provides for judicial review of performance agreements and permanent placement plans consistent with law. — It requires- a hearing within 45 days, lists the criteria the court must consider in reviewing-the agreement or-plan, and provides procedures following — fee hearing.
RULE 8.415. JUDICIAL REVIEW OF DEPENDENCY CASES
(a) Required Review. All dependent children shall have their status reviewed as provided by law.
(b) Scheduling Hearings.
(1) Initial Review Hearing. The court shall determine when the first review hearing shall be held and the clerk of the court shall immediately schedule the review hearing. In no case shall the hearing be scheduled for later than 6 months from the date of removal from the home or 90 days from the disposition or case plan approval hearing, whichever comes first. In every case, the court must conduct a judicial review at least every 6 months.
(2) Subsequent Review Hearings. At each judicial review hearing, the court shall schedule the next judicial review hearing which shall be conducted within 6 months. The clerk of the court, at the judicial review hearing, shall provide the parties with written notice of the date, time, and location of the next judicial review hearing.
(c) Report. In all cases, the department or its agent shall prepare a report to the court. The report shall contain facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain information as to the identity and residence of the parent, if known, and the legal custodian, the dates of the original *910 dependency adjudication and any subsequent judicial review proceedings, and a request for one or more of the following forms of relief:
(1) that the child’s placement be changed;
(2) that the case plan be continued to permit the parents or social service agency tíme to complete the tasks assigned to them in the agreement; or
(3) that proceedings be instituted to terminate parental rights and legally free the child for adoption.
(d) Service. A copy of the report containing recommendations and, if not previously provided by the court, a notice of review hearing shall be served on all persons who are required by law to be served at least 72 hours prior tobefore the judicial review hearing.
(e) Information Available to Court. At the judicial review hearing the court may receive any relevant and material evidence pertinent to the cause. This shall include written reports required by law and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or parent, caregiver, or legal custodian that may be obtained and that are material and relevant. This evidence may be received by the court and relied on to the extent of its probative value, even though it may not be competent in an adjudicatory hearing.
(f) Court Action.
(1) The court shall hold a hearing to review the compliance of the parties with the case plan and to determine what assigned tasks were and were not accomplished and the reasons for theirany nonachievement.
(2) If the court finds that the parents have substantially complied with the case plan, the court shall return the child to the custody of the parents if the court is satisfied that reunification will not be detrimental to the child’s safety, well-being, or physical, mental, or emotional health.
(3) If the court finds that the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the case plan, and shall require the social service agency to show why the child could not safely be safely returned to the home of the parents. If the court finds that the child could not be safely returned to the parents, it shall extend the case plan for a period of not more than 6 months to allow the social service agency to comply with its obligations under the case plan.
(4) If, at any judicial review hearing, regardless of the expiration date of the case plan, the court finds that the parents have not substantially complied with the case plan to the degree that further reunification efforts are without merit, the court may order the social service agency to initiate a termination of parental rights proceeding. If the court finds that an order initiating a termination of parental rights proceeding would not be in the child’s best interests; that the parents in good faith attempted to comply with the terms of the plan but need more time to accomplish their assigned tasks and believes the parents will accomplish them; or, by clear and convincing proof, that the situation of the child is so extraordinary that the case plan should be extended, the court may extend the time limitation for the plan or modify the terms of the plan. No plan shall be extended for a period longer than 6 months. At the expiration of the extended plan, the court shall again review the child’s status.
(5) When a child is returned to the parents, the court shall not terminate its *911 jurisdiction over the child until 6 months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether-the jurisdiction should be continued or terminated,. ilf its jurisdiction is to be terminated, it shall enter an order to that effect.
(6) When a child has not been returned to the parent, but has been permanently committed to the department or to a licensed child-placing agency-evilling-to receive the child for subsequent adoption, the court shall ■ continue to hold judicial review hearings on the status of the child at least every 6 months until the adoption is finalized. SachThese hearings shall be held in accordance with these rules.
(7) The court shall enter a written order upon the conclusion of the review hearing including a statement.of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing.
(g) Administrative Review. The department, under a formal agreement with the court in particular cases, may conduct administrative reviews instead of judicial reviews for children in out-of-home placement. Notice must be provided to all parties. An administrative review may not be substituted for the first judicial review or any subsequent 6-month review. Any party may petition the court for a judicial review as provided by law.
Committee Notes
1991 Adoption. The rule allows for certain forms of relief pertinent to foster care review. It allows the court to order commencement of a termination of parental rights proceeding if the parents are not in compliance. The court also is permitted to extend or modify the plan.
RULE 8.500. PETITION
(a) Initiation of Proceedings.
(1) All proceedings seeking the termination of parental rights to a child shall be initiated by the filing of an original petition in the pending dependency action, if any.
(2) A petition for termination of parental rights may be filed at any time by the department, the guardian ad litem, a-h-censed chM-placing agency^ or any person having knowledge of the facts. Each petition shall be entitled a petition for termination of parental rights.
(3) When provided by law, a separate petition for dependency need not be filed.
, (b) Contents.
(1) The petition shall contain allegations as to the identity and residence of the parents, if known.
(2) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(3) The petition shall include facts supporting allegations that each of the applicable statutory elements for termination of parental rights has been met.
(4) When required by law, the petition shall contain a showing that the parents were offered a case plan and did not substantially comply with it.
(5) The petition shall have a certified copy of the birth certificate of each child named in it attached unless the petitioner, after diligent search and inquiry, is unable to produce it, in which case the petition shall state the date and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(c) Verification. The petition shall be signed under oath stating the good faith of the petitioner in filing it. No objection to a petition on the grounds that it was not signed or verified, as herein provided^- *912 quired, shall be entertained after a plea to the merits.
(d) Amendments. At any time before the conclusion of an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion. However, after a written answer has been filed or the adjudicatory hearing has commenced, amendments shall be permitted only with the permission of the court unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance shall be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(e) Defects and Variances. No petition or any count thereofof it shall be dismissed, or any judgment vacated, os accountbecause of any defect in the form of the petition or of misjoinder of counts. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the parent and prejudice him or her in the preparation of a defense, the petitioner will be required to furnish a more definite statement.
(f) Voluntary Dismissal. The petitioner, without leave of the court, at any time before entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice of request of dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 72 hours. Unless otherwise stated, the dismissal shall be without prejudice.
(g) Parental Consent.
(1)The parents of the child may consent to the petition for termination of parental rights at any time, in writing or orally, on the record.
(2) If, prior tobefore the filing of the petition for termination of parental rights, the parents have consented to the termination of parental rights and executed surrenders and waivers of notice of hearing as provided by law, this shall be alleged in the petition and copies shall be attached to the petition and presented to the court.
(3) If the parents appear and enter an oral consent on the record to the termination of parental rights, the court shall determine the basis upon which a factual finding may be made and shall incorporate these findings into its order of disposition.
Committee Notes
1991 Adoption, This is an- entirely-new part-eonsist&nt-^with the restructuring — of chapter 39,-Florida Statutes, which now contains a separate part on termination-of parental rights. — These rules ■ closely track the-rules in Part B., Dependency, except for areas that are-significant only in termination of parental-rights proeeedings-^ueh as provisions for an advisory-hearing-within 14--days and — the requirement-that a petition show proof of admission ■ or -Gon-sent, if alleged.
RULE 8.505. PROCESS AND SERVICE
(a) Personal Service. UpoOn the filing of a petition requesting the termination of parental rights, a copy of the petition and notice of the date, time, and place of the advisory hearing must be personally served on
(1) the parents;
(2) the legal custodians or caregivers of the child;
(3) if the natural parents are dead or unknown, a living relative of the child, unless upon diligent search and inquiry no relative can be found;
(4) any person who has physical custody of the child;
*913 (5) any grandparents entitled by law to priority- for adoptionnotice of the adoption proceeding;
(6) any prospective parent identified by law;
(7) the guardian ad litem for the child or the representative of the guardian ad litem program, if the program has been appointed;
(8) the attorney ad litem for the child if one has been appointed; and
(9) any other person as provided by law.
(b) Contents. The document containing the notice to appear shall notify the required persons of the filing of the petition and must contain in type at least as large as the balance of the document the following or substantially similar language:
“FAILURE TO PERSONALLY APPEAR AT THE ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION ATTACHED TO THIS NOTICE.”
(c) Constructive Service. Parties whose identities are known and upon whom personal service of process cannot be effected shall be served by publication as provided by law.
(d) Waiver of Service. Service of process may be waived, as provided by. law, with regard tofor persons who have executed a written surrender of the children) to a licensed child-placing agency or the department.
RULE 8.510. ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES
(a) Advisory Hearing.
(1) An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected, but no less than 72 hours following service of process. Personal appearance of any person at the advisory hearing eliminates the time requirement for serving process on that person.
(2) The court must:
(A) advise the parents of their right t.o counsel and appoint counsel in accordance with legal requirements;
(B) determine whether an admission, consent, or denial to the petition shall be entered; and
(C) appoint a guardian ad litem if one has not already been appointed.
(3) If a parent served with notice fails to personally appear at the advisory hearing, the court shall proceed a-s-provided by lawenter a consent to the termination of parental rights petition for the parent who failed to personally appear.
(4) If an admission or consent is entered by all parents for a named child included in the petition for termination of parental rights and the court finds that termination of parental rights is in the best interest of the child, the court shall proceed to disposition alternatives as provided by law.
(5) If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.
(b) Pretrial Status Conference. Not less than 10 days before the adjudicatory hearing on a petition for involuntary termi *914 nation of parental rights, the court shall conduct a pretrial status conference to determine the order in which each party may present witnesses or evidence, the order in which cross-examination and argument shall occur, and any other matters that may aid in the conduct of the adjudicatory hearing.
(c) Voluntary Terminations. An advisory hearing may not be held if a petition is filed seeking an adjudication to voluntarily terminate parental rights. Adjudicatory hearings for petitions for voluntary termination must be set within 21 days of the filing of the petition. Notice of intent to rely on this subdivision must be filed with the court as required by law.
RULE 8.515. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court.
(1) At each hearing, the court shall advise unrepresented parents of their right to have counsel present, unless the parents have voluntarily executed a written surrender of the child and consent to the entry of a court order terminating parental rights.
(2) The court shall appoint counsel for indigent parents. The court may appoint counsel for other parties as provided by law.
(8) The court shall ascertain whether the right to counsel is understood. If the right to counsel is waived by any parent the court shall ascertain if the right to counsel is knowingly and intelligently waived.
(4) The court shall enter its findings with respect to the appointment or waiver of counsel of indigent parents or the waiver of the right to have counsel present.
(5) Once counsel has been retained or appointed to represent a parent, the attorney shall continue to represent the parent throughout the proceedings or until the court has approved discontinuing the attorney-client relationship. If the attorney-client relationship is discontinued, the court shall advise the parent of the right to have new counsel retained or appointed for the remainder of the proceedings.
(b) Waiver of Counsel.
(1) No waiver shall be accepted if it appears that the parent is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel shall be made in court and be of record. The court shall question the parent in sufficient detail to ascertain that the waiver is made knowingly and intelligently.
(3) If a waiver is accepted at any hearing, the offer of assistance of counsel shall be renewed by the court at each subsequent hearing at which the parent appears without counsel.
Committee-Notes
1992 Amendment, — Substitution of the word — “counsel”—maintains—Consistency-Deleting the word-all”-makes it-elear that counsel need nob-be appointed-fer-all-par-tiesv
RULE 8.525. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizingusing the rules of evidence in use-infor civil cases. At this hearing the court shall determine whether the elements required by law for termination of parental rights have been established by clear and convincing evidence.
(b) Time of Hearing. The adjudicatory hearing shall be held within 45 days after the advisory hearing, unless all necessary parties stipulate to some other hearing date. Reasonable continuances may be *915 granted for purposes of investigation,- discovery, procuring counsel or witnesses, or for other good cause shown.
(c) Examination of Witnesses. A party may call any person, including a child, as a witness. A party shall havé the right to examine or cross-examine all witnesses.
(d) Presence of Parties. All parties have the right to be present at all termination hearings. A party may appear in person or, at the discretion of the court for good cause shown, by an audio or audiovisual device. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of saidthis hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights:
(e) Examination of Child. The court may hear the testimony of the child outside the physical presence of the parties as provided by rule 8.255. Counsel for the parties shall be present during all examinations. The court may limit the manner in which counsel examine the child.
(f) Previous Testimony Admissible. To avoid unnecessary duplication of expenses, in-court testimony previously given at any properly noticed hearing may be admitted, without regard to the availability of the witnesses, if the recorded testimony itself is made available. Consideration of previous testimony does not preclude the parties from calling the witness to answer supplemental questions.
(g) Joint and Separate Hearings. When 2 or more children are the subject of a petition for termination of parental rights, the hearings may be held simultaneously whenif the children are related to each other or involved in the same case, unless the court orders separate hearings.
(h) Motion for Judgment of Dismissal. In all termination of parental rights proceedings, if at the close of the evidence for the petitioner the parents move for a judgment of dismissal and the court is of the opinion that the evidence is insufficient to sustain the grounds for termination alleged in the petition, it shall enter an order denying the termination and proceed with dispositional alternatives as provided by law.
(i) Final Judgment.
(1) Terminating Parental Rights. If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgment terminating parental rights and proceed with dispositional alternatives as provided by law. - The order must contain the findings of fact and conclusions of law upon which the decision was based. The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of suchthis contact must be set forthstated in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and must be reviewed by the court at the time the child is adoptedplaced for adoption.
(2) Denying Termination of Parental Rights. If the court finds after all of the evidence has been presented that the grounds for termination of parental rights have not been established by clear and convincing evidence, but that the grounds for dependency have been- established by a preponderance of the evidence, the court *916 shall adjudicate or readjudicate the child dependent and proceed with dispositional alternatives as provided by law.
(3) Dismissing Petition. If the court finds after all of the evidence has been presented that the allegations in the petition do not establish grounds for dependency or termination of parental rights, it shall enter an order dismissing the petition.
RULE 8.535. POST-DISPOSITION HEARINGS
(a) Initial Hearing. If the court terminates parental rights, a post-disposition hearing must be set within 30 days after the date of disposition. At the hearing, the department or licensed child-placing agency shall provide to the court a plan for permanency for the child.
(b) Subsequent Hearings. Following the initial post-disposition hearing, -the court shall hold hearings every 6 months to review progress being made toward permanency for the child until the child is adopted or reaches the age of 18, whichever occurs first. Review hearings for alternative forms of permanent placement shall be held as provided by law.
(c) Continuing Jurisdiction. The court whic-hthat terminates the parental rights efto a child under chapter 39, Florida Statutes, shall retain exclusive jurisdiction in all matters pertaining to the child’s adoption under chapter 63, Florida Statutes. The petition for adoption must be filed in the division of the circuit court that entered the judgment terminating parental rights, unless a motion for change of venue is granted as provided by law.
RULE 8.603. APPLICATION OF UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT
Any pleading filed commencing proceedings as set forth in rule 8.601 shall be accompanied by an affidavit, to the extent of affiant’s personal knowledge, under the Uniform Child Custody Jurisdiction and Enforcement Act. Each party has a continuing duty to inform the court of any custody, dependency, or children in need of services proceeding in this or any other state of which the party obtains information during the proceeding.
FORM 8.908. SUMMONS
SUMMONS
STATE OF FLORIDA
TO ., .... a child/children. and ., _parent(s)/custodi-an.:
Whereas- aA petition under oath has been filed in this court alleging the above-named .... child/children. to be . under the laws of the State of Florida, a copy of which was attached hereto;
Now, therefore, this is to command youYou are to appear before the Honorable., Circuit Judge, at... m., on... (date)...., at the county courthouse of. County, at., FloridaT and there be in attendance atfor the hearing of the ■saidthis petition. The .. .parent(s)/custodian.is/are.... required to produce the... child/children.... at saidthat time and place unless the... child/children.is/are.... in detention or shelter care at saidthat time.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact.(name, address, telephone number).within two working days of your receipt of this summons. If you are hearing or voice impaired, call 711.
*917 You may be held in contempt of court if you fail to appear.
WITNESS my hand and seal of this court at . County, Florida, on ... (date)_
., Clerk of Circuit Court
.County, Florida
By: .D.C.
[[Image here]]
FORM 8.959. SUMMONS FOR DEPENDENCY ARRAIGNMENT
SUMMONS and NOTICE OF HEARING
STATE OF FLORIDA
TO: .. .(name and address of person being summoned)....
WHEREAS-- ... (pPetitioner’s name).... has filed in this court a petition, alleging under oath that the above-named children) is/are dependent under the laws of the State of Florida, a copy of which is attached, and requesting that a summons issue in due course requiring that you appear before this court to be dealt with according to law. A copy of the petition is attached to this summons.
NOW, therefore,-yYou are commanded to appear before this Court at ... (location of hearing)...., at ... (time and date of hearing)....
FAILURE TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY *918 ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).
IF YOU FAIL TO APPEAR YOU MAY BE HELD IN CONTEMPT OF COURT.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ... (name, address, telephone number) .... within two working days of your receipt of this summons. If you are hearing or voice impaired, call 711.
Witness my hand and seal of this court at ... (city, county, and state)...., on ... (date)....
CLERK OF COURT
BY:_
DEPUTY CLERK
NOTIFICACIÓN y CITACIÓN PARA LA AUDIENCIA
ESTADO DE LA FLORIDA
PARA: _ (Nombre y direc-ción de la persona a ser citada)
CONSIDERANDO, que _(Nom-bre del(a) demandante)
ha interpuesto en este Juzgado una peti-ción en la cual alega bajo juramente la dependencia del(los) niño(s) según las leyes del Estado de la Florida, adjuntán-dose copia de la misma, y está solicitando la emisión oportuna de una citación para exigir su comparecencia ante este juzgado para tratar el asunto conforme a la ley.
POR LO TANTO, se le ordena comparecer ante este Juzgado en_(lugar de la audiencia) a las_(hora y fecha de la audiencia)
SI USTED NO COMPARECE PERSON-ALMENTE A LA AUDIENCIA INCOA-TORIA, ESTO SIGNIFICARÁ QUE USTED ACCEDE A LA ADJUDICA-CIÓN DE DEPENDENCIA DE ESTE(OS) NIÑO(S) Y FINALMENTE, PODRÁ RESULTAR EN LA PERDIDA DE LA TUTELA DEL(OS) NIÑO(S).
SI USTED NO COMPARECE, SE LO PODRÁ JUZGAR EN DESACATO DEL TRIBUNAL.
De acuerdo con la Ley de Americanos con Incapacidades de 1990(ADA), las personas incapacitadas quienes, por sus incapacidades, necesitan acomodos es-peciales para participar en esto proceso deben ponerse en contacto con un coor-dinador de ADA en el . no mas tarde de 2 dias laborables antes de tal proceso para recibir asistencia. El numero para el Servicio de Interpreta-ción de la Florida para Personas Sordas es el 1-800-955-8771.
Firmado y sigilado en este Juzgado en _(ciudad, condado, estado) el _(fecha)
ESCRIBANO DEL TRIBUNAL
POR:_
ESCRIBANO DELEGADO
MANDA AK AVÉTISMAN POU YON CHITA TANDE
Leta Florid
Pou: ... (non ak adres pou moun yo voye manda-a)....
Kóm, tantiske, ... (non pati ki fé demann-nan).... fé yon demann devan tribinal-la, epi li sémante timoun-nan(yo), swa dizan bezwen pwoteksyon leta dapre rég lalwa nan Leta Florid, yon kopi enfómasyon sou akizasyon-an kwoke nan lét sa-a. Yo mande pou yo sévi-w ak yon manda tous-wit, ki pou fose-w prezante devan tribinal la pou yo ka koresponn avék ou, dapre lalwa.
Aló, pou sa yo kómande-w pou prezante devan tribinal sa-a, ki nan., (adres *919 tribinal-la)., a .... (nan dat ak le, chita tande-a).
SI OU PA PREZANTE PESONÉLMAN NAN CHITA TANDE-A, POU YO KA AVÉTI-W AK AKIZASYON OFISYÉL-LA, SA KA LAKÓZ YO DESIDE OU KONSANTI TIMOUN-NAN(YO), BEZ-WEN PWOTEKSYON LETA, EPI LI KA LAKÓZ OU PÉDI DWA-OU KÓM PARAN TIMOUN SA-A(YO).
SI OU PA PREZANTE, YO GEN DWA CHAJE-W, KÓMKWA OU MANEE TRIBINAL LA DEGA.
An ako ak Lwa pou Ameriken ki Andi-kape yo de ane 1990(ADA) a, moun ki andikape yo, ki poutet andikap yo an, bezwen de aranjman spesyal pou yo ka patisipe nan deroulman yo, fét pou ran-tre an knotak ak koódinaté ADA a nan . pa pi ta ke non 2 jou travay ki vin anvan deroulman an pou yo ka resevwa asistans. Nimewo pou Sevis Tradiksyon nan la Florid pou moun ki soud se 771.
Mwen siyen non mwen, epi mete so mwen, nan dokiman tribinal-la sa-a, kom temwen, nan (vil, distrik, eta) ...., nan ... (dat)....
GREPYE TRIBINAL-LA PA:_
Asistan GREFYE Tribinal-la
[[Image here]]
*920 [[Image here]]
*921 [[Image here]]
NOTICE TO PARENTS/GUARDIANS/LEGAL CUSTODIANS
A date and time for an arraignment hearing is normally set at this shelter hearing. If one is not set or if there are questions, you should contact the Juvenile Court Clerk’s office at.A copy of the Petition for Dependency will be given to you or to your attorney, if you have one. A copy will also be available in the clerk’s office. You have a right to have an attorney represent you at this hearing and during the dependency proceedings and an attorney will be appointed for you if you request an attorney and the court finds that you are unable to afford an attorney.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact.(name, address, telephone number) .within two working days of your receipt of this summons. If you are hearing or voice impaired, call 711.
FORM 8.979. SUMMONS FOR ADVISORY HEARING
SUMMONS AND NOTICE OF ADVISORY HEARING FOR TERMINATION OF PARENTAL RIGHTS AND GUARDIANSHIP
STATE OF FLORIDA
TO: ... (name and address of person being summoned)....
WHEREAS aA Petition for Termination of Parental Rights under oath has been filed in this court regarding the above-referenced child(ren), a copy of which is attached^. yYou are hereby commanded to appear before ... (judge)_, at ... (time and location of hearing)...., for a TERMINATION OF PARENTAL RIGHTS ADVISORY HEARING. You must appear on the date and at the time specified.
FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED YOU MAY LOSE ALL LEGAL RIGHTS TO THE CHILD (OR CHILDREN) NAMED IN THE PETITION ATTACHED TO THIS NOTICE.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ... (name, address, telephone number) .... within two working days of your receipt of this summons. If you are hearing or voice impaired, call 711.
Witness my hand and seal of this court at.(city, county, state).on. (date).
CLERK OF COURT
BY: _
DEPUTY CLERK
*922 AVISO Y CITACIÓN PARA LA AU-DIENCIA INFORMATIVA SOBRE LA TERMINACIÓN DE LOS DER-ECHOS PATERNALES Y DE LA TUTELA
ESTADO DE LA FLORIDA
PARA:_
(Nombre y dirección de la persona a ser citada)
CONSIDERANDO que se ha interpuesto en este Juzgado una solicitud bajo juram-ento para la terminación de los derechos paternales con respecto al(os) niño(s)' en referencia, adjuntándose copia de la mis-ma. Mediante la presente se le ordena comparecer ante el_a las
'(Juez) - . -
._(hora y lugar de la audiencia)
para una
AUDIENCIA INFORMATIVA SOBRE LA TERMINACIÓN DE LOS DEREC-HOS PATERNALES. Usted deberá com-parecer en le fecha y hora indicadas.
SI USTED NO COMPARECE PERSON-ALMENTE A LA AUDIENCIA INFOR-MATIVA, ESTO SIGNIFICARÁ QUE USTED ACCEDE A LA TERMINA-CIÓN DE SUS DERECHOS PATER-NALES CON RESPECTO A ESTE(OS) NIÑO(S). SI. USTED NO COMPA-RECE EN LA FECHA Y HORA INDI-CADAS, USTED PODRÁ PERDER TO-DOS SUS DERECHOS LEGALES CON RESPECTO AL/LOS NIÑO(S) MEN-CIONADO^) EN LA PETICIÓN AD-JUNTA A ESTE AVISO.
De acuerdo con la Ley de Americanos con Incapacidades de 1990(ADA), las personas incapacitadas quienes, por sus incapacidades, necesitan acomodos es-peciales para participar en esto proceso deben ponerse en contacto con un coor-dinador de ADA en el . no mas tarde de 2 dias laborables antes de tal proceso para recibir asistencia. El numero para el Servicio de Interpreta-ción de la Florida para Personas Sordas es el 771.
Firmado y sigilado en este Juzgado _(ciudad, condado, estado) el _(fecha)
ESCRIBANO DEL TRIBUNAL
POR: _
ESCRIBANO DELEGADO
MANDA AK AVÉTISMAN POU EN-FOME-W SOU YON CHITA TANDE, POU YO ANILE DWA-W KÓM PARAN AK KÓM GADYEN
Leta Florid
Pou: ... (non ak adres moun yo voye man-da-a) ....
Kóm, tandiske, gen yon demann sémante pou anile dwa paramyo, ki prezante devan tribinal-la, konsénan timoun ki nonmen nan let sa-a, piwo-a, yon kopi dokiman-an kwoke nan dosye-a., yo bay lód pou pre-zante devan ... (Jij-la) .... (nan.lé ak adres chita tande-a)...., NAN yon chita TANDE POU YO ENFÓME-W, YO GEN LENTANSYON POU ANILE DWA-OU KÓM PARAN. Ou fét pOU prezante nan dat ak le ki endike-a.
SI OU PA PREZANTE PÉSONÉLMAN NAN CHITA TANDE-A, POU YO EN-FÓME-W, ’ YO GEN LENTANSYON POU ANILE DWA-OU KÓM PARAN, SA KA LAKÓZ YO DESIDE OU KON-SANTI TIMOUN SA-A (YO), BEZWEN PWOTEKSYON LETA EPI SA KA LA-KÓZ OU PÉDI DWA-OU KÓM PARAN TIMOUN SA-A(YO), KI GEN NON YO MAKE NAN KOPI DEMANN-NAN, KI KWOKE NAN AVÉTISMAN-AN
An akó ak Lwa pou Ameriken ki Andi-kape yo de ane 1990(ADA) a, moun ki andikape yo, ki poutét andikap yo an, bezwen de aranjman spesyal pou yo ka patisipé nan deroulman yo, fét pou ran- *923 tre an knotak ak koodinaté ADA a nan .pa pi ta ke non 2 jou travay ki vin anvan deroulman an pou yo ka re-sevwa asistans. Nimewo pou Sévis Tra-diksyon nan la Florid pou moun ki soud se 771.
Mwen siyen non mwen e mete so mwen nan dokiman tribinal-la kom temwen nan (vil, distrik, eta) ...., nan ... (dat)....
GREFYE TRIBINAL-LA
PA: _
ASISTAN GREFYE TRIBINAL-LA

. Florida Rule of Juvenile Procedure 8.165 currently provides: "If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.” Fla. R. Juv. P. 8.165(b)(4). The substance of this subpart is unchanged by the amendments approved today.